UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOYCE MARIE GARRITY, | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )   No. 2:15-cv-309-DBH |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|        Defendant | ) |

**REPORT AND RECOMMENDED DECISION**[1]

In this Social Security Disability ("SSD") appeal, the plaintiff contends that the administrative law judge should have found that she met a Listing, wrongly applied the Grid, and assigned her a residual functional capacity ("RFC") that is not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 11; that she suffered from degenerative disc disease, chronic pain, obesity, and fibromyalgia, impairments that were severe but which, considered separately or in combination, did not meet or medically

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 16, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 11-13; that she had the RFC to perform work at the light exertional level, except that she was limited to occasional stooping and crouching and frequent climbing, balancing, kneeling, and crawling, Finding 5, *id*. at 13; that she was unable to perform any past relevant work, Finding 6, id. at 18; that, considering her age (43 years old on her alleged disability onset date, September 8, 2010), limited education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*.; and that she, therefore, had not been disabled from September 8, 2010, through the date of the decision, March 7, 2014, Finding 11, *id*. at 19. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g) ; *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support

of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that her impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 404.1520(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 404.1525(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

## I. Discussion

### A. Step 3

The plaintiff contends that the administrative law judge "did not properly evaluate whether [the] Plaintiff's fibromyalgia medically equaled a listing at Step 3[.]" Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 12) at [18]. She asserts that the administrative law judge "clearly ignored and/or improperly discounted the longitudinal records of the Plaintiff's longstanding treating medical doctor, Dr. Stoll." *Id*. She quotes language from Social Security Ruling 12-2p to the effect that longitudinal information must be considered when fibromyalgia is the diagnosed medical impairment at issue because its signs and symptoms may vary over time. *Id*. at [19].

The administrative law judge said the following about the plaintiff's fibromyalgia at Step 3:

> The American College of Rheumatology has established the following criteria for the classification of fibromyalgia: a history of widespread pain and pain in 11 of 18 tender point sites on digital palpation. Pain is considered widespread when all of the following are present—pain in the left side of the body, pain in the right side of the body, pain above the waist, and pain below the waist. In addition, axial skeletal

>pain (cervical spine, anterior chest, thoracic spine, or low back) must be present. In this definition, shoulder and buttock pain is considered as pain for each involved side. "Low back" pain is considered lower segment pain. The undersigned has considered Social Security Ruling 12-2p to establish if the claimant's symptoms fulfill the criteria and finds that the evidence does not meet the basis for finding "disability" at this step of the evaluation.

Record at 13.

Social Security Ruling 12-2p provides guidance for Step 3 analysis of fibromyalgia:

>At step 3, we consider whether the person's impairment(s) meets or medically equals the criteria of any of the listings in the Listing of Impairments in appendix 1, subpart P of 20 CFR part 404 (appendix 1). FM [fibromyalgia] cannot meet a listing in appendix 1 because FM is not a listed impairment. At step 3, therefore, we determine whether FM medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment.

Social Security Ruling 12-2p ("SSR 12-2p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2015) at 466.

Here, the plaintiff does not identify the Listing that she contends is medically equaled by her fibromyalgia. Nor does she attempt to identify the specific entries in Dr. Stoll's longitudinal records that would establish the existence of the necessary elements of medical equivalence of the designated Listing. Without these basic elements of an appeal on this point, this court cannot consider the issue to have been properly presented for resolution. The plaintiff's submission does not demonstrate that she met her burden of proof at Step 3, let alone that the administrative law judge was required to find that her fibromyalgia met a Listing at Step 3, entitling her to benefits. *See generally Knudsen v. Colvin*, No. 2:14-cv-155-JHR, 2015 WL 1505689, at *5 (D. Me. Apr. 1, 2015).

4

## B.  RFC

The plaintiff contends that the RFC for light work assigned to her by the administrative law judge was not supported by substantial evidence, was based on the administrative law judge's interpretation of raw medical evidence, and was based on an erroneous assessment of her credibility.  Itemized Statement at [11]-[18].

She begins with the administrative law judge's statement, Record at 15, that "the claimant's testimony is not supported by the evidence of record."  Itemized Statement at [11].  She seems to see this as a rejection of all of her testimony, but reading the statement in context demonstrates that it is more limited.  The testimony that the administrative law judge rejected as not supported by the evidence of record was the plaintiff's "statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms[.]"  Record at 15.  The administrative law judge agrees with the plaintiff's testimony about her activities of daily life.  *Id.*; Itemized Statement at [11].

As for the plaintiff's testimony about her medical symptoms, it may be that this testimony is "supported by the medical treatment records," as she asserts, Itemized Statement at [11], but that is not the test applicable on this appeal.  Rather, the question before the court with respect to the plaintiff's credibility in this regard is whether substantial evidence in the record supports the administrative law judge's evaluation of her credibility.  The administrative law judge states her reasons for her evaluation of this aspect of the plaintiff's credibility in some detail.  Record at 17.  That is all that is required.  *See also Murphy v. Astrue*, No. 2:11-cv-241-NT, 2012 WL 1067683, at *3-*4 (D. Me. Mar. 29, 2012).

The plaintiff also objects to the administrative law judge's conclusion that the written Function Report that the plaintiff completed was inconsistent with her testimony at the hearing.  Itemized Statement at [12].  The court's review of this claim is complicated by the plaintiff's failure to cite this conclusion in the record and to specify which inconsistencies noted by the

administrative law judge are incorrect. The plaintiff faults the administrative law judge for "choos[ing] to only reference certain limited portions of the Plaintiff's Function Report and . . . not referenc[ing] the Report as a whole[.]" *Id.* However, there is no "all or nothing" rule applicable to an administrative law judge's evaluation of a claimant's written and oral statements, and the plaintiff does not cite any authority in support of her position. My own research has located authority to the contrary. *See, e.g., Johnson v. Colvin*, No. 6:14-cv-1621-CLS, 2015 WL 2194611, at *2 (N.D. Ala. May 11, 2015); *Faint v. Colvin*, 26 F.Supp.3d 896, 912 (E.D. Mo. 2014); *Bason v. Commissioner of Soc. Sec.*, No. 12-15033, 2014 WL 1328168, at *12-*13 (E.D. Mich. Mar. 31, 2014); *Thompson v. Astrue*, No. 1:09-cv-00474-CWD, 2011 WL 1220428, at *6 (D. Idaho Mar. 29, 2011).

The plaintiff also contends that the administrative law judge wrongly referred to "certain limited portions" of the medical record "rather than the record as a whole,' which she asserts is "contrary to SSR 12-2p[.]" Itemized Statement at [12]. This is an incorrect characterization of the Ruling, which cannot reasonably be read so broadly. The assertion also runs afoul of a bedrock principle of Social Security law—that an administrative law judge is free to "pick and choose" among the opinions of medical experts, so long as she states her reasons for rejecting those that she does not adopt. *E.g., Poulin v. Colvin*, No. 2:14-cv-529-JHR, 2015 WL 9473406, at *2 (D. Me. Dec. 28, 2015); *Smith v. Colvin*, No. 2:14-cv-429-JHR, 2015 WL 4391420, at *5 (D. Me. July 15, 2015). The plaintiff refers extensively to Dr. Stoll's records, Itemized Statement at [12]-[16], but the administrative law judge was required to adopt Dr. Stoll's opinions only if they were well-supported by medically acceptable clinical and laboratory diagnostic techniques and if they were

not inconsistent with other evidence in the record.  20 C.F. R. § 440.1527(c)(2).[2]  The plaintiff has made no attempt to demonstrate that the evidence she recites meets these standards.

The plaintiff also objects, Itemized Statement at [17], to the following language in the administrative law judge's opinion:

> The possibility always exists that a doctor may express an opinion in the effort to assist a patient with whom he or she sympathizes for one reason or another.  Patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patients' requests and avoid unnecessary doctor/patient tension.  While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially form the rest of the evidence of record, as in the current case.  Therefore the opinion of Dr. St[]oll that the claimant is disabled is accorded little weight (9F, 16F).

Record at 16-17.  The defendant "admits that the ALJ's commentary could be viewed as speculative and unnecessary."  Defendant's Opposition to Plaintiff's Itemized Statement of Errors (ECF No. 14) at 16.  I have recently held that such a statement, standing alone, is insufficient to support a rejection of a treating physician's opinion.  *Gagnon v. Colvin*, No. 1:15-cv-273-DBH, 2016 WL 403063, at *3-*4 (D. Me. Jan. 13, 2016).  Here, however, the only opinion being rejected for this unacceptable reason is the opinion that the plaintiff is disabled, an opinion on a matter that is reserved to the commissioner in any event.

### C.  Use of the Grid

The plaintiff contends that "[i]t was legally erroneous for the ALJ to directly apply the GRIDS instead of using [them] as a framework for analysis[,]" Itemized Statement at [10], despite

---

[2] The plaintiff states that Dr. Stoll's treatment records "are not inconsistent with any other medical records (except for the non-examining, non-treating sources relied upon by the ALJ." Itemized Statement at [18].  If the plaintiff means to assert that the administrative law judge may not rely on the opinions of state-agency physician reviewers when they are inconsistent with those of a treating source, long-standing precedent in this district is to the contrary.  *See, e.g., Gagnon v. Colvin*, No. 2:13-cv-00213-NT, 2014 WL 3530629, at *3 (D. Me. July 15, 2014), and cases cited therein.  This is true even when the state-agency physicians have not seen some evidence submitted after their reports were issued, particularly where, as here, the claimant has not shown that this evidence would require the state-agency physicians to come to a different outcome.  *Bourret v. Colvin*, No. 2:13-cv-00334-JAW, 2014 WL 5454537, at *4 (D. Me. Oct. 27, 2014).

the administrative law judge's statement that she did just that. Record at 18 (Finding 9). She argues that the administrative law judge was required to take testimony from a vocational expert at Step 5 in this case and that the failure to do so creates reversible error. Itemized Statement at [9]-[11].

An administrative law judge may not apply the Grid when a claimant's non-exertional limitations more than marginally erode the occupational base at the exertional level included in the claimant's RFC. *Barnes v. Barnhart*, 251 F.Supp.2d 973, 975 (D. Me. 2003). Here, the non-exertional limitations included in the plaintiff's RFC for light work are occasional stooping and crouching and frequent climbing, balancing, kneeling and crawling. Record at 13. The plaintiff presents an extensive list of nonexertional impairments that she claims "prevent her from performing the full range of light work and that significantly erode the occupational base for light work[,]" Itemized Statement at [9]-[10], but she makes no attempt to establish that the administrative law judge was required to include any of them in her RFC. In any event, to the extent that her other arguments may reasonably be construed as attempts to establish some unidentified number of them, I have rejected those arguments.

A limitation to occasional stooping and crouching leaves the light occupational base "virtually intact." Social Security Ruling 85-15, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 350. The same is true of a restriction to "frequent" climbing, balancing, kneeling, and crawling. *Id*. As the RFC stands, therefore, there is no error in applying the Grid directly, if indeed that is what was done. When the occupation base is not eroded, no vocational expert testimony is required. *Carmichael v. Astrue*, No. 1:10-cv-338-DBH, 2011 WL 2516202, at *4 (D. Me. June 24, 2011); *McAllister v. Barnhart*, No. 03-77-P-C, 2003 WL 2305213, at *2 (D. Me. Dec. 23, 2003). That is the case here.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 13th day of May, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge